[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14948
Non-Argument Calendar

_____

D. C. Docket No. 05-00086-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ASPRILLA,
a.k.a. Jaime Moreno-Valencia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 4, 2006)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Carlos Asprilla, a.k.a. Jaime Moreno-Valencia, appeals his 135-month

sentence for two drug charges. Asprilla contends that the district court erred by denying his request for a mitigating role reduction pursuant to United States Sentencing Guidelines § 3B1.2 (November 1, 2004). We AFFIRM.

## I.

According to the Presentence Investigation Report (PSI), on February 20, 2005, Asprilla and three other men were aboard a speed boat carrying cocaine in international waters when they were apprehended by the Coast Guard. Before being stopped, the boat fled from the Coast Guard at high speed while the crew threw bales of cocaine overboard. After disabling the vessel, the Coast Guard boarded. The vessel was determined to be without nationality and therefore it and its crew were subject to the jurisdiction of the United States. Asprilla and the other crew members were taken into custody. The Coast Guard subsequently recovered 118 bales of cocaine weighing approximately 2,674 kilograms from the ocean.

In a two-count indictment, a grand jury charged Asprilla with: (1) possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation

of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii).  On May 16, 2005, Asprilla entered a guilty plea as to both counts.

Because the offense involved more than 150 kilograms of cocaine, the probation officer assigned Asprilla a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1).  The probation officer applied a two-level "safety valve" reduction pursuant to § 5C1.2, granted a two-level reduction for acceptance of responsibility under § 3E1.1(a), and granted a one-level reduction for assisting the authorities under § 3E1.1(a) and (b).  The probation officer made no adjustment for Asprilla's role in the offense pursuant to § 3B1.2 and assigned a total offense level of 33.  Because Asprilla had no criminal history points, he was given a criminal history category of I, resulting in a guideline range of 135 to 168 months.

Asprilla objected to the PSI for failure to include a mitigating role adjustment under § 3B1.2 and reiterated his objection at the sentencing hearing.  The district court overruled Asprilla's objection and sentenced him to concurrent sentences of 135 months for each count.

## II.

Asprilla argues that the district court clearly erred in failing to grant him a downward adjustment for his role in the offense pursuant to § 3B1.2.  A district court may award a two- to four-level reduction to a defendant who played a

"mitigating role" in the criminal offense charged. U.S.S.G. § 3B1.2. A defendant who is "plainly among the least culpable of those involved in the conduct of a group" is a minimal participant eligible for a four-level reduction. Id. § 3B1.2 cmt. n.4. A defendant "who is less culpable than most other participants, but whose role could not be described as minimal," is a minor participant eligible for a two-level reduction. Id. § 3B1.2 cmt. n.5. An intermediate reduction of three levels is also available. Id. § 3B1.2.

A defendant seeking a mitigating role reduction bears the burden of proving that he is entitled to the reduction by a preponderance of the evidence. United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). The district court's determination of a defendant's role in a criminal offense "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(C). Accordingly, we review that determination "only for clear error." De Varon, 175 F.3d at 937. As long as the district court's decision is supported by the record, "a district court is not required to make any specified findings other than the ultimate determination of the defendant's role in the offense." Id. at 939–40.

In De Varon, we established a two-part test for determining whether a mitigating role reduction is appropriate. See id. at 940–45. The district court must first measure the defendant's role in the offense against the relevant conduct for

4

which he has been held accountable. Id. at 940. "Only if the defendant can establish that []he played a relatively minor role in the conduct for which []he has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." Id. at 944. "[I]n many cases this method of analysis will be dispositive." Id. at 945.

The court then may compare the defendant's culpability to that of other participants in the offense. Id. However, the court should use other participants as comparators "only to the extent that they are identifiable or discernable from the evidence" and, then, "only those participants who were involved in the relevant conduct attributed to the defendant." Id. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id.

Asprilla contends that he should have been granted a mitigating role reduction for six reasons: (1) he had no financial interest in the cocaine found aboard the speed boat; (2) he did not plan or organize the criminal enterprise; (3) he did not know the scope or structure of the offense; (4) his role was only that of a crew member—he had no decisionmaking authority; (5) he had no control over the drugs and did not stand to benefit from the profits from their sale; and (6) he did not possess a firearm during the offense.

5

Those bald assertions are unavailing. Asprilla had the burden of offering evidence from which the court could conclude either that his actual conduct was different than the relevant conduct for which he was held accountable or that he was less culpable than other crew members on the boat. See De Varon, 175 F.3d at 939, 940–45. He did not do so. In fact, Asprilla, through counsel, did not object to the factual accuracy of the PSI; therefore, he is deemed to have admitted the facts contained in it. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). No evidence in the PSI supports Asprilla's contention that he played only a mitigating role in the offense.

Even if we could consider the information which, according to Asprilla, warrants a mitigating role reduction, we would not find clear error in the district court's refusal to grant a reduction based on the facts contained in the PSI. Asprilla was one of only four men aboard a speed boat carrying a substantial amount of cocaine. He participated in dumping cocaine overboard while the boat fled from the Coast Guard. These facts are ample to support our conclusion under the first prong of the De Varon analysis that Asprilla did not have a minor or minimal role in the offenses with which he was charged. This is so regardless of whether he was not the "mastermind" behind the conspiracy, had no financial interest in or control over the drugs, and did not possess a firearm. Moreover, the

6

facts of the PSI to which Asprilla admitted indicate that he was no less culpable than the rest of the crew. Instead, the facts show that he was of average culpability, and that is insufficient to support a finding that he was a minor or minimal participant under the second prong of the De Varon analysis.

Accordingly, for the reasons stated above, we find that the district court did not clearly err in denying Asprilla a mitigating role reduction pursuant to U.S.S.G. § 3B1.2. Accordingly, we affirm the district court's sentence of Asprilla.

**AFFIRMED.**